11-0734-cv, 11-0710-cv, 11-0713-cv, 11-0728-cv
Nakahata, et al., v. New York-Presbyterian Healthcare System, Inc., et al.

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2012

(Argued: November 9, 2012    Decided: July 11, 2012)

Docket Nos. 11-0734, 11-0710, 11-0713, 11-0728

- - - - - - - - - - - - - - - - - - - - - -x

MASAHIRO NAKAHATA, on behalf of herself and all other employees similarly situated, DIANA GARDOCKI, on behalf of herself and all other employees similarly situated,

Plaintiffs-Appellants,

DIANE LEE SUSSMAN, STEVIE HARISTON, CAROLE TASSY, MARY MAHONEY, LINDA MARRONE, MARY OLDAK, VOLVICK DESIL, STEPHANIE UHRIG,

Plaintiffs,

- v.-

NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., HERBERT PARDES, NEW YORK AND PRESBYTERIAN HOSPITAL, WAYNE OSTEN,

Defendants-Appellees,

NEW YORK-PRESBYTERIAN FUND, INC., NEW YORK-PRESBYTERIAN HOSPITAL, BROOKLYN HOSPITAL CENTER, HOLY NAME HOSPITAL, INC., HOLY NAME MEDICAL CENTER, LAWRENCE HOSPITAL CENTER, MARY IMOGENE BASSETT, ONAL CARE NEW MILFORD HOSPITAL, INC., NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., NEW YORK DOWNTOWN HOSPITAL, NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, NEW YORK METHODIST HOSPITAL, WESTCHESTER SQUARE MEDICAL CENTER, INC., NYACK HOSPITAL, PALISADES MEDICAL CENTER, STAMFORD HOSPITAL, VALLEY HOSPITAL, WHITE PLAINS MEDICAL CENTER, WINTHROP-UNIVERSITY HOSPITAL, WYCHOFF HEIGHTS MEDICAL CENTER, ST. MARY'S HEALTHCARE SYSTEM FOR CHILDREN, INC., A. SOLOMON TORRES, NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND CRIPPLED, MAINTAINING THE HOSPITAL FOR SPECIAL SURGERY, MARY IMOGENE BASSETT HOSPITAL, NEW MILFORD HOSPITAL, INC., NORTHERN WESTCHESTER HOSPITAL ASSOCIATION, WHITE PLAINS HOSPITAL MEDICAL

CENTER, WYCKOFF HEIGHTS MEDICAL CENTER, NEW YORK GRACIE SQUARE HOSPITAL, INC., AMSTERDAM NURSING HOME CORPORATION,

Defendants.

- - - - - - - - - - - - - - - - - - - -x

JONATHAN YARUS, on behalf of themselves and all other employees similarly situated, MOHAMED ALI, on behalf of himself and all other employees similarly situated,

Plaintiffs-Appellants,

LLOYD BLACKWOOD, on behalf of themselves and all other employees similarly situated, MARTIN UKEJE, TAE JOO KIM, SHARON CAMPBELL, JEROME CROMWELL, HELENA ACHAMPONG, ERNESTINE DANIEL, VOLVICK DESIL, STEPHANIE UHRIG, GAIL WHICKUM,

Plaintiffs,

- v.-

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, BELLEVUE HOSPITAL CENTER, KINGS COUNTY HOSPITAL CENTER, JACOBI MEDICAL CENTER, ELMHURST HOSPITAL CENTER, HARLEM HOSPITAL CENTER, METROPOLITAN HOSPITAL CENTER, ALAN D. AVILES, LINCOLN MEDICAL AND MENTAL HEALTH CENTER, NORTH CENTRAL BRONX HOSPITAL, CONEY ISLAND HOSPITAL, WOODHULL MEDICAL AND MENTAL HEALTH CENTER, QUEENS HOSPITAL CENTER,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -x

PATRICIA MEGGINSON, on behalf of herself and all other employees similarly situated,

Plaintiff-Appellant,

HELEN BRUGGER, on behalf of herself and all other employees similarly situated, MARY OLDAK, MICHELLE ALVAREZ, STEPHANIE UHRIG,

Plaintiffs,

- v.-

2

WESTCHESTER COUNTY HEALTH CARE CORPORATION, WESTCHESTER MEDICAL CENTER, MARIA FARERI CHILDREN'S HOSPITAL, MICHAEL D. ISRAEL, PAUL S. HOCKENBERG,

Defendants-Appellees,

KERRY ORISTANO, PAULA REDD ZEMAN,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - -x

OLUSOLA ALAMU, on behalf of himself and all other employees similarly situated, JACQUELINE COOPER-DAVIS, on behalf of herself and all other employees similarly situated,

Plaintiffs-Appellants,

- v.-

BRONX-LEBANON HOSPITAL CENTER, INCORPORATED, BRONX-LEBANON HOSPITAL CENTER-FULTON DIVISION, BRONX-LEBANON HOSPITAL CENTER-CONCOURSE DIVISION, MIGUEL A. FUENTES, JR., SHELDON ORTSMAN,

Defendants-Appellees,

SELENA GRIFFIN-MAHON,

Defendant.[*]

- - - - - - - - - - - - - - - - - - - - - - -x

Before:   LOHIER, Circuit Judge, POGUE, Judge[**]

---

[*] The Clerk of the Court is directed to amend the official caption as shown above.

[**] Donald C. Pogue, Chief Judge of the United States Court of International Trade, sitting by designation. Debra A. Livingston, Circuit Judge, recused herself before oral argument. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b).

Plaintiffs-Appellants in four related cases appeal from a single order of the United States District Court for the Southern District of New York (Crotty, J.) dismissing their claims that Defendants-Appellees violated the Fair Labor Standards Act, New York Labor Law, Racketeer Influenced and Corrupt Organizations Act, and New York common law.  For the following reasons, the judgment is affirmed in part, vacated in part, and remanded.

MICHAEL J. LINGLE (Guy A. Talia, J. Nelson Thomas, on the brief), Thomas & Solomon LLP, Rochester, New York, for Appellants.

JAMES S. FRANK (Kenneth W. DiGia, Kenneth J. Kelly, on the brief), Epstein Becker & Green, P.C., New York, New York, (Terence K. McLaughlin, Willkie Farr & Gallagher LLP, New York, New York, on the brief), for Appellees New York-Presbyterian Healthcare System, Inc., et al.

VICTORIA SCALZO, Assistant Corporation Counsel of the City of New York, New York, New York (Kristin M. Helmers, Blanche Greenfield, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, for Appellees New York City Health and Hospitals Corporation, et al.

LEONARD M. ROSENBERG and SALVATORE PUCCIO (Lauren M. Levine, on the brief), Garfunkel Wild, P.C., Great Neck, New York, for Appellees Westchester County Healthcare Corp., et al.

4

NANCY V. WRIGHT (Ricki E. Roer, Scott R. Abraham, on the brief), Wilson Elser Moskowitz Edelman & Dicker LLP, New York, New York, for Appellee Bronx-Lebanon Hospital Center, Inc., et al.

POGUE, Judge:

This is an appeal from an order by the United States District Court for the Southern District of New York dismissing the complaint in each of four cases: Nakahata v. New York-Presbyterian Healthcare System, Inc., No. 10 Civ. 2661; Yarus v. New York City Health and Hospitals Corp., No. 10 Civ. 2662; Megginson v. Westchester Medical Center, No. 10 Civ. 2683; and Alamu v. The Bronx-Lebanon Hospital Center, Inc., No. 10 Civ. 3247. Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) ("Nakahata I"). Plaintiffs — current and former healthcare employees — allege that the Defendants — healthcare systems, hospitals, corporate heads, and affiliated entities — violated the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), and New York common law by failing to compensate Plaintiffs for work performed during meal breaks, before and after scheduled shifts, and during required training sessions. The District Court dismissed the four complaints in their entirety for failing to

state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

We affirm in part the District Court's decision and remand in part. We affirm the dismissal, with prejudice, of the FLSA gap-time, RICO, and certain common law claims. We also affirm the dismissal of the FLSA and NYLL overtime claims, but we remand these claims with leave to replead. We reserve judgment on the dismissal of the NYLL gap-time claims and remand for reconsideration. Finally, we vacate the dismissal of certain common law claims and remand with leave to replead.

## BACKGROUND

The four cases before us on appeal are but a few among many such actions brought by a single law firm, Thomas & Solomon LLP, and premised on a stock set of allegations concerning underpayment in the healthcare industry. This is the second decision of this Court addressing these allegations, following the recent opinion in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013). Several related cases remain pending before this Court.[1]

---

[1] See Hinterberger v. Catholic Health Sys., Inc., No. 12-0630; Hinterberger v. Catholic Health Sys., Inc., No. 12-0918; Gordon v. Kaleida Health, No. 12-0654; Gordon v. Kaleida Health, 12-0670; Nakahata v. New York-Presbyterian Healthcare Sys., Inc., No. 12-4128; Megginson v. Westchester Med. Ctr., No. 12-4084; Alamu v. The Bronx-Lebanon Hosp. Ctr., No. 12-4085.

The parties are healthcare workers, on behalf of a putative class, and their alleged employers. The named Plaintiffs, identified only as "employees" or "employees of the defendants," are Masahiro Nakahata and Diana Gardocki, Nakahata 2d Am. Compl. ¶ 62; Patricia Megginson, Megginson Am. Compl. ¶ 61; Olusola Alamu and Jacqueline Cooper-Davis, Alamu Am. Compl. ¶ 64; and Jonathan Yarus and Mohamed Ali, Yarus Am. Compl. ¶ 52. Plaintiffs filed their suits as putative collective and class actions on behalf of "those employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked." Alamu Am. Compl. ¶ 65; Megginson Am. Compl. ¶ 62; Nakahata 2d Am. Compl. ¶ 63; Yarus Am. Compl. ¶ 53. The Defendants named in the complaints include corporate healthcare systems, individual hospitals in those systems, persons in corporate leadership roles, and affiliated healthcare facilities.[2]

---

[2] Named Defendants include (1) The Bronx-Lebanon Hospital Center, The Bronx-Lebanon Hospital Center-Fulton Division, The Bronx-Lebanon Hospital Center-Concourse Division, Miguel A. Fuentes, Jr. (President and CEO of Bronx-Lebanon Hospital Center), and Sheldon Ortsman (former Vice President of the Human Resources Division of Bronx-Lebanon Hospital Center), Alamu Am. Compl. ¶¶ 18, 40, 52; (2) Westchester Medical Center, Westchester County Health Care Corporation, Maria Fareri Children's Hospital at Westchester Medical Center, Michael D. Israel (President and CEO of Westchester Medical Center), and Paul S. Hochenberg (Senior Vice President of Human Resources for Westchester Medical Center), Megginson Am. Compl. ¶¶ 18, 41, 51;

7

Plaintiffs allege that it is Defendants' policy not to pay employees for all hours worked, including some overtime hours. In particular, Plaintiffs allege: (1) Defendants have a policy of automatically deducting time for meal breaks from employees' paychecks despite consistently requiring employees to work during meal breaks; (2) employees engage in work activities both before and after their shift without compensation; and (3) Defendants require employees to attend training sessions for which they are not compensated. Based on these allegations, Plaintiffs seek to recover unpaid compensation pursuant to the FLSA, NYLL,[3] and New York common law. Plaintiffs further allege

---

(3) New York-Presbyterian Healthcare System, Inc., The New York and Presbyterian Hospital, Herbert Pardes (President and CEO of New York-Presbyterian Healthcare System), and Wayne Osten (Senior Vice President and Director for New York-Presbyterian Healthcare System), Nakahata 2d Am. Compl. ¶¶ 18, 41, 51; and (4) New York City Health and Hospitals Corporation, Bellevue Hospital Center, Kings County Hospital Center, Jacobi Medical Center, Elmhurst Hospital Center, Harlem Hospital Center, Metropolitan Hospital Center, Lincoln Medical and Mental Health Center, North Central Bronx Hospital, Coney Island Hospital, Woodhull Medical and Mental Health Center, Queens Hospital Center, and Alan D. Aviles (President and CEO of New York City Health and Hospitals Corporation), Yarus Am. Compl. ¶¶ 18, 39.

Plaintiffs' complaints also include extensive lists of affiliated healthcare facilities that Plaintiffs allege are under the operational control of the named Defendants. See Alamu Am. Compl. ¶¶ 19-20; Megginson Am. Compl. ¶¶ 19-20; Nakahata 2d Am. Compl. ¶¶ 19-20; Yarus Am. Compl. ¶¶ 19-20. These lists comprise several dozen entities and do not require reproduction in full.

[3] Plaintiffs in Yarus v. New York City Health and Hospitals Corp., No. 11-0710, withdrew their NYLL claims prior to the District Court's decision. Pls.' Mem. L. Opp'n Defs.' Mot.

8

that their paychecks were misleading and part of a fraudulent scheme to hide the underpayment in violation of RICO and New York common law.

Defendants moved the District Court to dismiss the complaint in each case for failure to state a claim. The District Court, observing that all four complaints "contain[ed] strikingly similar allegations and deficiencies," Nakahata I, 2011 WL 321186 at *1, issued a single opinion dismissing each complaint in its entirety and terminating all four cases. Id. at *7. The District Court permitted Plaintiffs to file new actions repleading the FLSA and NYLL claims, but it did not permit refiling of the RICO and common law claims. Id. at *6–7. Plaintiffs both appealed the District Court's decision and filed new actions alleging claims pursuant to the FLSA and NYLL.

**JURISDICTION & STANDARD OF REVIEW**

The District Court had original jurisdiction over Plaintiffs' FLSA and RICO claims pursuant to 28 U.S.C. § 1331 (2006). See 29 U.S.C. § 216(b) (2006) (creating a civil right of action for violation of the FLSA); 18 U.S.C. § 1964(c) (2006) (creating a civil right of action for violation of RICO). The District Court had supplemental jurisdiction over the NYLL and

Dismiss at 1 n.1, Nakahata I, 2011 WL 321186 (No. 10 Civ. 2662), ECF No. 96. Therefore, our decision with regard to the NYLL claims does not apply to the Plaintiffs in Yarus.

9

common law claims pursuant to 28 U.S.C. § 1367. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

We review a dismissal for failure to state a claim de novo. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). When reviewing the sufficiency of the complaint, we take all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Id.

A well-pled complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Harris, 572 F.3d at 71-72. To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556. Determining plausibility is a context specific endeavor, see Starr v. Sony BMG Music Entm't, 592 F.3d 314, 328-29 (2d Cir. 2010) (Newman, J., concurring), that requires the court to draw upon its experience and common sense, Iqbal, 556 U.S. at 679.

Allegations of fraud are subject to a heightened pleading standard. When alleging fraud, "a party must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), which we have repeatedly held requires the

10

plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) (citing Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989)); see also Anatian v. Coutts Bank (Switz.) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). In addition, the plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 179 (2d Cir. 2004) (citation omitted).

**DISCUSSION**

On appeal, Plaintiffs challenge the dismissal of the FLSA and NYLL claims, dismissal of the common law claims, dismissal of the RICO claims, and the determination that there was no basis for a collective or class action. Plaintiffs have also requested assignment of a new district court judge on remand. Before discussing these challenges, however, we address Plaintiffs' argument that the District Court improperly denied leave to amend the complaints.

11

**I**

We review a district court's denial of leave to amend for abuse of discretion. See Anatian, 193 F.3d at 89. As a general principle, district courts should freely grant a plaintiff leave to amend the complaint. Kleinman v. Elan Corp., 706 F.3d 145, 156 (2d Cir. 2013). Nonetheless, "we will not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought." Anatian, 193 F.3d at 89 (quoting Campaniello Imps., Ltd. v. Saporiti Italia, S.p.A., 117 F.3d 655, 664-65 n.3 (2d Cir. 1997)) (internal quotation marks omitted). Nor will we upset a decision denying leave to amend if the denial was harmless error. See In re "Agent Orange" Prod. Liability Litig., 517 F.3d 76, 104 (2d Cir. 2008).

While we will not upset a denial of leave to amend where the plaintiff failed to seek such leave, the record in this case indicates that Plaintiffs were not provided an opportunity to seek leave to amend in response to the District Court's order of dismissal. The District Court ordered the cases terminated with no indication that final judgment should await a motion for leave to amend. See Nakahata I, 2011 WL 321186, at *7. The clerk of the court entered final judgment the next business day after the opinion was issued. Judgment, Special App. to Nakahata Pls.' Br. 15. Absent an opportunity to seek leave to amend,

12

Plaintiffs cannot be held accountable for failing to make the necessary motion.

Nor can we deem this error harmless. The District Court did permit Plaintiffs to refile their FLSA and NYLL claims in a new action, which obviated much – but not all – of the prejudice Plaintiffs experienced from the denial of leave to amend. The option to file a new action preserved the FLSA and NYLL claims that remained timely on the date the new action was filed, but Plaintiffs lost the opportunity to pursue claims that became time-barred pursuant to the statute of limitations[4] in the interim between the filing of the original complaints and the filing of the new complaints. The cause of action for FLSA and NYLL claims accrues on the next regular payday following the work period when services are rendered. 29 C.F.R. § 790.21(b) (2012) (last revision 1947 Supp.); see also Rigopoulos v. Kervan, 140 F.2d 506, 507 (2d Cir. 1943); McMahon v. State, 19 N.Y.S.2d 639, 642 (N.Y. Ct. Cl. 1940). Because each paycheck represents a potential cause of action, it is likely that the statute of limitations expired on some causes of action in the period between the filing of the original complaints and the filing of the new complaints; therefore, some causes of action

---

[4] The limitations period for the FLSA is two years or, if the violation was willful, three years. 29 U.S.C. § 255(a) (2006). The limitations period for the NYLL is six years. N.Y. Lab. Law § 663(3) (McKinney 2002).

13

became time-barred upon termination of the original complaints. In other words, every two, three, or six year anniversary of payment – depending on the statute of limitations applicable – that fell within the period between filing of the original complaints and filing of the new complaints was the occasion of a lost cause of action.[5]  Because Plaintiffs were prejudiced through lost causes of action resulting from the termination of the original complaints, we hold that the District Court abused its discretion in not permitting Plaintiffs to file an amended complaint.[6]

---

[5] This assumes that Plaintiffs were employed by Defendants prior to the statute of limitations period, a fact which is not pled in the complaints.  This is a serious deficiency in the complaints, but, as discussed above, Plaintiffs should be provided the opportunity to amend lest they be time-barred from pursuing legitimate claims.

[6] Plaintiffs did pursue those FLSA and NYLL claims that were not time-barred by filing new actions in the Southern District of New York: Nakahata v. New York-Presbyterian Healthcare System, Inc., No. 11 Civ. 6658; Megginson v. Westchester Medical Center, No. 11 Civ. 6657; Alamu v. The Bronx-Lebanon Hospital Center, No. 11 Civ. 6366; and Ali v. New York City Health and Hospitals Corp., 11 Civ. 6393.
The District Court again dismissed three of these actions, Nakahata, Megginson, and Alamu, for failure to state a claim, Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012) ("Nakahata II"), and the Nakahata II decision is currently before this Court on appeal in Nakahata v. New York-Presbyterian Healthcare System, Inc., No. 12-4128; Megginson v. Westchester Medical Center, No. 12-4084; and Alamu v. The Bronx-Lebanon Hospital Center, No. 12-4085. The complaints filed in the cases heard collectively as Nakahata II are more detailed than those filed in the cases heard collectively as Nakahata I, and those more detailed allegations may address some of the deficiencies discussed below.  Because

14

**II**

Plaintiffs allege twelve claims in their complaints, but the heart of their case is the allegation that Defendants failed to compensate them appropriately for all hours worked in violation of the FLSA and NYLL. Plaintiffs allege broadly that "Plaintiffs and Class members regularly worked hours both under and in excess of forty per week and were not paid for all of those hours." Alamu Am. Compl. ¶ 148; Megginson Am. Compl. ¶ 145; Nakahata 2d Am. Compl. ¶ 146; Yarus Am. Compl. ¶ 136. Plaintiffs' allegation that Defendants did not compensate them for hours worked in excess of forty per week alleges an overtime claim, whereas their allegation that Defendants did not compensate them for hours worked under forty per week alleges a gap-time claim.

---

the more detailed complaints will be tested by this Court in its review of Nakahata II, the District Court may appropriately stay proceedings in this case on remand, pending the outcome of our decision in Nakahata II.

The fourth action filed in response to Nakahata I, Ali, remains pending before the District Court. That case was filed by one, but not both, of the named plaintiffs in Yarus. In this regard, Plaintiff Ali is in a position similar to that of the plaintiffs in the three cases discussed above. Plaintiff Yarus has no second case pending either in the District Court or before this Court, but his claims have been preserved through appeal. As a result, on remand the time period for which causes of action are available may be different for Plaintiffs Ali and Yarus because Plaintiff Ali has pursued some causes of action in a separate case, whereas Plaintiff Yarus has not.

15

The District Court dismissed both the FLSA and NYLL claims for lack of sufficient factual allegations.  In particular, the District Court found three categories of facts lacking: (1) when unpaid wages were earned and the number of hours worked without compensation; (2) specific facts of employment including dates of employment, pay, and positions; and (3) the entity that directly employed the Plaintiffs. Nakahata I, 2011 WL 321186, at *4.  Although the overtime and gap-time claims were dismissed on the same grounds, we will discuss the claims separately.

The FLSA mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week,[7] 29 U.S.C. § 207(a) (2006); the NYLL adopts this same standard, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL).  As noted in the recent decision, Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013), "to survive a motion to dismiss [an FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours."

---

[7] The FLSA also permits employers and employees in the healthcare field to agree that overtime will be calculated on the basis of eighty hours worked over two weeks instead of forty hours worked over one week. 29 U.S.C. § 207(j) (2006).

16

Prior to the decision in Lundy, we had not considered the degree of specificity necessary to state an FLSA overtime claim – an issue that has divided courts around the country, see Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 667-68 (D. Md. 2011) (discussing the varying levels of specificity required in different jurisdictions). After reviewing the disparate case law on this question, Lundy "conclude[d] that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy, 711 F.3d at 114.

Lundy was an appeal from an Eastern District of New York decision dismissing essentially the same allegations presented in this case.[8] The plaintiffs in Lundy filed several amended complaints in the district court; therefore, the claims were pled with greater factual specificity than the complaints now before us. In particular, the Lundy complaint pled the number of hours the plaintiffs were typically scheduled to work in a week. See id. at 114-15. Given the number of hours worked in a typical week and the alleged time worked without pay, Lundy

---

[8] Some of the claims raised in this case were not raised in Lundy, as will be discussed in detail below; however, the core claims of both cases – FLSA, NYLL, and RICO claims premised on unpaid hours worked during lunch breaks, before and after shifts, and at required trainings – are the same. Lundy, 711 at 113.

17

concluded that the plaintiffs could not plausibly allege work in excess of 40 hours in any given week;[9] therefore, Lundy affirmed the district court's dismissal.

The complaints currently before us contain no similar specificity.[10] Plaintiffs have merely alleged that they were not paid for overtime hours worked. These allegations – that Plaintiffs were not compensated for work performed during meal breaks, before and after shifts, or during required trainings –

---

[9] For example, one of the Lundy plaintiffs alleged that she was typically scheduled to work 37.5 hours per week over three shifts with an additional 12.5 hour shift on occasion. She further alleged that she typically worked through her 30 minute meal break, worked an additional 15 minutes before or after her scheduled shift, and was required to attend monthly staff training of 30 minutes and an additional respiratory therapy training totaling 10 hours per year. Assuming she missed a meal and worked an additional 15 minutes every shift, the Lundy court deduced that she had alleged a total of only 39 hours and 45 minutes per week of work. Therefore, she had failed to allege work in excess of 40 hours in any given week. Id. at 114–15.

[10] Although the complaints currently before us clearly do not meet the Lundy standard, we should note that the standard employed by the District Court in this case was more demanding than that employed in Lundy. Compare Nakahata I, 2011 WL 321186, at *4 ("At a minimum, [the complaint] must set forth the approximate number of unpaid regular and overtime hours allegedly worked."), with Lundy, 711 F.3d at 114 ("[A] plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.").
While the standard we reaffirm today does not require an approximate number of overtime hours, we reiterate that determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," Lundy, 711 F.3d at 114 (quoting Iqbal, 556 U.S. at 679), and that "[u]nder a case-specific approach, some courts may find that an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility," id. at 114 n.7.

18

raise the possibility that Plaintiffs were undercompensated in violation of the FLSA and NYLL; however, absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief. To plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week. For these reasons, the District Court properly dismissed the FLSA and NYLL overtime claims.

Because we hold that the Plaintiffs failed to plead sufficient facts to make it plausible that they worked uncompensated hours in excess of 40 in a given week, we need not decide whether the District Court's other bases for dismissal were proper. Nonetheless, because we will remand this claim for amended pleadings, we note that Plaintiffs' actual and direct employer is an essential element of notice pleading under these circumstances. What aspects of Plaintiffs' position, pay, or dates of employment are necessary to state a plausible claim for relief consistent with this decision and Lundy is a case-specific inquiry for the trial court. Iqbal, 556 U.S. at 679. As the District Court noted, however, generalized allegations that may prove false at trial are not necessarily the basis for

19

dismissal at the pleadings stage. See Nakahata I, 2011 WL 321186, at *4 n.11.

While Plaintiffs' overtime claims fail for the reasons discussed above, their allegations can also be read to state a gap-time claim. Gap-time claims are those "in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." Lundy, 711 F.3d at 115.

As discussed in Lundy, the FLSA does not provide a cause of action for unpaid gap time. Id. at 116–17. The FLSA statute requires payment of minimum wages and overtime wages only, see 29 U.S.C. §§ 201–19 (2006); therefore, the FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold. Lundy, 711 F.3d at 115. The FLSA is unavailing even when an employee works over 40 hours per week and claims gap-time wages for those hours worked under 40 per week, unless the wages fall below the minimum threshold. This is because the statutory language simply does not contemplate a claim for wages other than minimum or overtime wages. Id. at 116–17. For this reason, we affirm the District Court's dismissal with prejudice of any gap-time claims made pursuant to the FLSA.

Plaintiffs may, however, have a gap-time claim pursuant to the NYLL. Lundy acknowledged, without deciding, that a gap-time claim would be consistent with the language of NYLL § 663(1), which states that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled . . . he or she shall recover in a civil action the amount of any such underpayments . . . ." N.Y. Lab. Law § 663(1) (McKinney Supp. 2012), as amended by Wage Theft Prevention Act, ch. 564, § 16, 2010 N.Y. Sess. Laws 1446, 1457 (McKinney); Lundy, 711 F.3d at 118. Lundy remanded the NYLL gap-time claim because, while the District Court had acknowledged the possibility of such a claim, it inconsistently dismissed all of the NYLL claims with prejudice. Lundy, 711 F.3d at 118.

In this case, the District Court dismissed the gap-time claims on the same basis as the overtime claims without acknowledging the separate standard for a gap-time claim. Unlike an overtime claim, a gap-time claim requires no predicate showing of minimum hours worked; rather, an allegation of hours worked without compensation may give rise to a gap-time claim. Nonetheless, in the first instance it is for the trial court to decide whether the allegations in the complaints are plausible. Because the District Court did not consider the NYLL gap-time claims separately from the overtime claims, and because Plaintiffs will have an opportunity to amend their pleadings, we

21

remand the NYLL gap-time claims to the District Court to consider in light of any amended pleadings.

**III**

In addition to their FLSA and NYLL claims, Plaintiffs allege nine common law claims.[11]  The District Court dismissed the common law clams with prejudice on the grounds that they were preempted by collective bargaining agreements and on the basis of pleading deficiencies unique to each claim.[12]  We address these arguments in turn.

The District Court dismissed the common law claims as preempted by applicable collective bargaining agreements ("CBAs") and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (2006). Nakahata I, 2011 WL 321186, at *2, *6.  No CBAs were pled or attached to the complaints; rather, the Defendants attached the CBAs, or relevant portions thereof, to their motions to dismiss.

---

[11] Plaintiffs allege (1) breach of an implied oral contract, (2) breach of an express oral contract, (3) breach of an implied covenant of good faith and fair dealing, (4) quantum meruit, (5) unjust enrichment/restitution, (6) fraud, (7) negligent misrepresentation, (8) conversion, and (9) estoppel. Nakahata I, 2011 WL 321186, at *1 n.3.

[12] The parties also addressed FLSA preemption of the common law claims in their briefs; however, FLSA preemption was only given cursory treatment in the District Court's opinion and was not essential to the disposition.  Therefore, we do not address FLSA preemption.

We do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim. Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154-55 (2d Cir. 2006). Rather, where matter outside the pleadings is offered and not excluded by the trial court, the motion to dismiss should be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "As indicated by the word 'shall,' the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is strictly enforce[d] and mandatory." Global Network Commc'ns, 458 F.3d at 155 (citations omitted) (internal quotation marks omitted). Because the CBAs at issue here were submitted with Defendants' motions to dismiss, and not excluded from consideration, the District Court could have decided these issues pursuant to the summary judgment standard of Rule 56, but it did not. We cannot affirm the dismissal on the basis of LMRA preemption pursuant to Rule 12(b)(6) because such dismissal was premised on matter outside of the pleadings, and was, therefore, inappropriate. Id.

Nor do we agree with the District Court that Plaintiffs were responsible for pleading the CBAs in the complaints. The

23

plaintiff is master of the complaint and may assert state law causes of action that are independent of the CBA. See Caterpillar Inc. v. Williams, 482 U.S. 386, 394-95 (1987). It is a defendant's responsibility to raise preemption by the CBA as a defense, but, as discussed above, a motion addressed to the adequacy of the pleadings is not necessarily the proper place for preemption to be decided. Cf. Drake v. Lab. Corp. of Am. Holdings, 458 F.3d 48, 66 (2d Cir. 2006) ("For those claims for which preemption cannot be easily determined from the pleadings, our standard of review requires us to affirm the district court's decision to deny the defendant-appellants' motion to dismiss, with the understanding that the claims may ultimately prove to be preempted at a later stage of the litigation.") (emphasis added) (citation omitted) (internal quotation marks omitted).[13]

---

[13] The District Court cited I. Meyer Pincus & Assocs. v. Oppenheimer & Co., 936 F.2d 759 (2d Cir. 1991), for the proposition that the CBAs should be considered because they are integral to the issues raised in the complaint. Nakahata I, 2011 WL 321186, at *1 n.5. In Pincus, we held that where the plaintiff's claims were grounded solely in the language of a prospectus, the prospectus was integral to the complaint and would be considered in deciding a motion to dismiss despite not having been attached to the complaint. Pincus, 936 F.2d at 762. To do otherwise would have "create[d] a rule permitting a plaintiff to evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the prospectus to the complaint or to incorporate it by reference." Id.

Pincus, however, is distinguishable from this case. Unlike the complaint in Pincus, the complaints currently before us do not ground their claims in the CBAs. Nor, is it Plaintiffs'

The District Court also identified deficiencies unique to each common law claim. Some of the deficiencies may be corrected through amended pleading. We remand Plaintiffs' claims for breach of express and implied oral contracts, quantum meruit, and unjust enrichment for reconsideration in light of any amended pleading. The District Court's dismissal of those claims relied on the existence of a collective bargaining agreement, which was not included with the pleadings and could not be considered on a motion to dismiss. The claim for breach of an implied covenant of good faith and fair dealing was properly dismissed insofar as it duplicates the breach of contract claims, see Harris v. Provident Life and Accident Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002); however, if Plaintiffs can state such a claim on a basis independent of the breach of contract claims, they may do so in the amended pleading.

Plaintiffs' other common law claims are unavailing on the facts of this case, and the dismissal with prejudice is affirmed. We affirm the District Court's dismissal with prejudice of the fraud and negligent misrepresentation claims premised on the mailing of paychecks for the same reasons discussed below regarding the RICO claims. Dismissal of the

responsibility to plead the CBAs. In short, the CBAs are not integral to the complaint in the same way that the prospectus in Pincus was integral; rather, the CBAs have been raised as an affirmative defense and can properly be considered on a motion for summary judgment.

25

conversion claim with prejudice is affirmed because Plaintiffs never had ownership, possession, or control of the wages in question prior to the alleged conversion. See ESI, Inc. v. Coastal Power Prod. Co., 995 F. Supp. 419, 433 (S.D.N.Y. 1998) (recognizing that New York law requires prior ownership, possession, or control to assert a claim for conversion). Regarding estoppel, Plaintiffs assert that Defendants should be estopped from asserting a statute of limitations defense. It is not entirely clear whether such a claim may be made in the complaint or must be asserted in response to a statute of limitations defense under New York law,[14] but we need not resolve this issue. The Plaintiffs may raise equitable estoppel in response to a statute of limitations defense on remand; therefore, they have suffered no prejudice in this regard, and the dismissal was harmless error if error at all.

Therefore, the District Court's dismissal of the common law claims with prejudice is affirmed in part and vacated in part. Those claims that Plaintiffs may replead are remanded to the District Court.

----

[14] Compare Tierney v. Omnicom Grp. Inc., No. 06 Civ. 14302, 2007 WL 2012412, at *10 (S.D.N.Y. July 11, 2007) (dismissing a claim for estoppel because the court understood estoppel to be an affirmative defense not a cause of action), with Forman v. Guardian Life Ins. Co. of Am., 901 N.Y.S.2d 906 (Table), 2009 WL 3790200, at *5 (N.Y. Sup. Ct. Sept. 25, 2009) (recognizing an equitable estoppel claim but relying on New York Appellate Division cases that discuss equitable estoppel as an affirmative defense).

**IV**

In addition to the claims for unpaid wages, Plaintiffs allege that the Defendants committed mail fraud in violation of RICO. Plaintiffs allege that their paychecks, delivered through the U.S. mail, misleadingly purported to pay Plaintiffs for all hours worked. Plaintiffs further allege that the purportedly complete paychecks concealed a scheme by Defendants to undercompensate the Plaintiffs.

RICO makes it unlawful "for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c) (2006); First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 173 (2d Cir. 2004). Mail fraud, pursuant to 18 U.S.C. § 1341, is among the activities defined as racketeering. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 482 n.3 (1985) (quoting 18 U.S.C. § 1961(1) (1982 ed., Supp. III)).

The District Court dismissed the RICO claims because the paychecks did not perpetuate a fraud; rather, they disclosed any alleged underpayment. Nakahata I, 2011 WL 321186, at *5. Lundy endorsed this reasoning, holding that the "mailing of pay stubs cannot further the fraudulent scheme because the pay stubs would have revealed (not concealed) that Plaintiffs were not being paid for all of their alleged compensable overtime." Lundy, 711

F.3d at 119.  Thus, the District Court properly dismissed the RICO claims, and, because the claims cannot be pled on these facts, they were properly dismissed with prejudice.

**V**

Finally, Plaintiffs challenge the District Court's conclusion that there is no basis for a collective or class action and request that the case be remanded to a new judge. Neither argument has merit.  First, the District Court dismissed the Megginson, Alamu, and Yarus Plaintiffs' motions to certify the collective and class actions as moot following dismissal of the complaints in their entirety, which was not error. Nakahata I, 2011 WL 321186, at *7.  Furthermore, Plaintiffs may renew their motions for certification on remand, so there was no prejudice.  Second, Plaintiffs' have failed to show any lack of impartiality on the part of the District Court, and we find no reason to believe that the District Court will be unable to effectuate the remand order; therefore, the request for remand to a new judge is denied. Cf. Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 142 (2d Cir. 2007) (reassigning a case on remand where the trial judge "rendered a visceral judgment on appellant's personal credibility, namely that his denial of control was 'nonsense,' 'drivel,' a 'fraud,' and a 'lie'").

28

**CONCLUSION**

Consistent with the foregoing opinion, the District Court's dismissal with prejudice of the FLSA gap-time, conversion, estoppel, fraud, negligent misrepresentation, and RICO claims is AFFIRMED.  We REMAND the FLSA and NYLL overtime claims, the NYLL gap-time claims, the breach of express and implied oral contract claims, the breach of an implied covenant of good faith and fair dealing claims, the quantum meruit claims, and the unjust enrichment claims for amended pleading.  Therefore, we VACATE the order terminating the case and REMAND for further proceedings consistent with this opinion.