22-1962-cv
Abbott v. Comme Des Garcons, Ltd.

# United States Court of Appeals
# for the Second Circuit

August Term, 2022

(Argued: March 24, 2023      Decided: October 16, 2023)

Docket No. 22-1962-cv

_____

GABRIEL HERRERA, CURTIS HENNAGER,
Individually and on behalf of all others similarly situated,

DANIEL ABBOTT, ELIZABETH AMMERMAN, AMIR AZARCON, SEAN
CONWAY, BLAKE MARTIN, MADISON MURPHY, CARLIN
ROLLENHAGEN, WINSTON TOLLIVER, DAVID UNICH, DYLAN
WARMACK, FNAN YSAHAK,
Individually,

*Plaintiffs-Appellants*,

RYAN INWARDS, Individually,

*Plaintiff*,

v.

COMME DES GARCONS, LTD., DOVER STREET MARKET NEW YORK LLC,
ELAINE BEUTHER, JAMES GILCHRIST,

*Defendant-Appellees*.[*]

_____

---

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

Before:

PARKER, LYNCH, and LOHIER, *Circuit Judges*.

The Plaintiffs, former employees of a high-end fashion retailer in New York, allege that their regularly scheduled workweek included more than forty hours per week of work. The Plaintiffs claim that they were entitled to an overtime premium under the Fair Labor Standards Act (FLSA) and New York Labor Law, and that their employer misclassified them as managerial employees and failed to pay them an overtime premium. The United States District Court for the Southern District of New York (Caproni, J.) dismissed the Plaintiffs' FLSA claims for failure to allege the specific number of hours they worked. It then declined to exercise supplemental jurisdiction over the remaining state claims. We conclude that the Plaintiffs' complaint adequately states a claim under the FLSA because it alleges that their regularly scheduled workweek exceeded forty hours of work and that the Plaintiffs were denied overtime as a result of being misclassified as managers. **VACATED** and **REMANDED.**

JOSHUA ALEXANDER BERNSTEIN, Josh Bernstein P.C., New York, NY *for Plaintiffs-Appellants*.

MICHAEL GOETTIG (Lyle Zuckerman, *on the brief*), Davis Wright Tremaine LLP, New York, NY *for Defendants-Appellees*.

LOHIER, *Circuit Judge*:

What level of specificity must a complaint allege with respect to the number of hours an employee worked in order to state a claim for unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219?

2

The Plaintiffs, thirteen[1] former employees of Dover Street Market New York (DSMNY), sued their employer, alleging that they did not receive overtime payments to which they were entitled under the FLSA and the New York Labor Law (NYLL), and seeking class certification, damages, injunctive relief, and attorneys' fees and costs. The United States District Court for the Southern District of New York (Caproni, J.) dismissed their claims, holding that the Plaintiffs had not alleged a claim under the FLSA with the requisite specificity and declining to exercise supplemental jurisdiction over the NYLL claims. Herrera v. Comme des Garçons, Ltd., No. 21-CV-4929, 2022 WL 3348099 (S.D.N.Y. Aug. 12, 2022). On appeal, the Plaintiffs argue that the District Court incorrectly required them to plead "a level of detail that would require transcription of . . . timesheets into the pleadings pre-discovery." Appellants' Br. 11. So long as the complaint adequately alleges that they each worked more than forty hours each week they were employed, they assert, that is enough to state a claim under the FLSA and defeat a motion to dismiss.

We agree. Where the Plaintiffs plausibly allege that they worked more than forty hours per week as part of their regularly scheduled workweek, they

---

[1] Fourteen former employees brought this suit, but only thirteen employees were listed in the Notice of Appeal as appellants.

have adequately stated a claim under the FLSA and need not list the specific workweeks during which they worked more than forty hours. Accordingly, the judgment of the District Court is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

## BACKGROUND

We draw the facts from the second amended complaint (the "Complaint") and assume that they are true for purposes of our de novo review of the District Court's dismissal for failure to state a claim. See Alix v. McKinsey & Co., 23 F.4th 196, 202 (2d Cir. 2022).

The Plaintiffs are former employees of DSMNY. Each Plaintiff was employed at DSMNY as an "Assistant Floor Manager," "Floor Manager," or "Sales Manager" for a specific period of time, during which they were not paid an overtime premium for hours worked in excess of forty hours per week. During the times in which the Plaintiffs held these titles, they were classified by DSMNY as exempt from the overtime pay requirements of the FLSA and NYLL and paid on a salary basis. Although these job titles contained the term "Manager," the Plaintiffs' actual duties were non-managerial.

The "Plaintiffs' regularly-scheduled hours consisted of five shifts a week." App'x 35.  Each Plaintiff was assigned to either the "opening" shift, which "was generally scheduled from 9:00 A.M. to 6:00 P.M.," or the "closing" shift, which "was generally scheduled from 10:15 A.M. to 7:00 P.M."  App'x 35.  The "Plaintiffs were not completely relieved from duty during lunch breaks."  App'x 35.  In sum, the "Plaintiffs worked four-five hours in excess of forty hours per week purely from their ostensible schedule, for each week" that they worked in one of the aforementioned positions.  App'x 35.

The Plaintiffs also frequently worked additional hours that were not part of their regular schedules.  "For the 'closing' shift, [the] Plaintiffs typically did not finish their duties and leave the building until 8:00 P.M. or later."  App'x 36.  The "Plaintiffs were also required to and did engage in 'post-work' duties, such as drafting and sending end-of-day reports and messaging clients," which required "approximately five hours per week."  App'x 36.  The Plaintiffs also worked "an additional three hours . . . per week" handling shipments of new merchandise, which arrived "every Tuesday and Thursday."  App'x 36–37.

A "seasonal changeover of merchandise" occurred twice in 2018, during which the Plaintiffs who were then employed were required to work two

"thirteen-hour shifts" in a single week in addition to their base hours. App'x 37.

Specific named Plaintiffs worked additional hours — described in detail in the

Complaint — during specific weeks. App'x 37–39. The Complaint also states

that "[o]nce time records are produced [in discovery], along with emails and

other documents evincing what hours [the] Plaintiffs worked, [the] Plaintiffs will

be able to identify in more granular detail the amount of hours worked in excess

of forty hours per week for each week identified in" the Complaint. App'x 39

The Plaintiffs filed suit against the Defendants in June 2021 and moved to

certify a class. The Defendants moved to dismiss the Complaint under Federal

Rule of Civil Procedure 12(b)(6), and the District Court eventually granted the

motion, describing the Complaint as "long on generalities and short on

specifics." Herrera, 2022 WL 3348099, at *2. The problem with the Complaint,

the District Court explained, was that it "require[d] . . . inference upon inference

to arrive at the conclusion that any given Plaintiff worked more than forty hours

during at least one week when that Plaintiff was improperly classified as

exempt." Id. at *3. In particular, the District Court pointed to "gaps in the[]

factual allegations," such as a failure to allege how often or for how long the

Plaintiffs were required to work during lunch breaks. Id. In the District Court's

6

view, it was "simply not plausible that <u>every</u> Plaintiff worked at least 58 hours <u>every</u> week that he or she was an exempt employee." <u>Id.</u> If anything, the District Court noted, the Complaint was plagued by "problems created by group pleading." <u>Id.</u>

The Plaintiffs' allegations regarding specific workweeks did not spare the Complaint from dismissal. As for the two weeks implicated by the seasonal changeover of merchandise, the District Court pointed to questions that the Plaintiffs had left unanswered, including "how many thirteen-hour shifts . . . the employee[s] work[ed] that week and how many other hours . . . the employee[s] work[ed] that week." <u>Id.</u> Finally, the District Court concluded, the specific allegations regarding individual plaintiffs and individual days also failed to show that the Plaintiffs worked more than forty hours during the relevant workweeks.[2] <u>Id.</u> at *3–4.

---

[2] The District Court raised another concern about the FLSA claims: the two- or three-year statute of limitations for unpaid overtime under the FLSA appeared to have run for at least ten of the fourteen Plaintiffs. But the District Court noted that the "Defendants did not move to dismiss the FLSA claims on this basis, and the statute of limitations is an affirmative defense that certainly can be waived." <u>Herrera</u>, 2022 WL 3348099, at *2 n.5.

Having dismissed the Plaintiffs' FLSA claim, the District Court declined to exercise supplemental jurisdiction over their NYLL claims and denied as moot the Plaintiffs' motion to certify a class. This appeal followed.

## DISCUSSION

## I

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Miller v. Metro. Life Ins. Co., 979 F.3d 118, 121 (2d Cir. 2020) (quotation marks omitted). "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

The FLSA requires a regulated employer who "employ[s] any of his employees . . . for a workweek longer than forty hours" to compensate that employee "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The requirement does not apply to "any

employee employed in a bona fide executive, administrative, or professional

capacity." Id. § 213(a)(1). Employees who are entitled to, but improperly denied,

overtime – including employees who are misclassified as exempt from the

overtime requirement – may sue to recover "unpaid overtime compensation . . .

and . . . an additional equal amount as liquidated damages."[3] Id. § 216(b); see

Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 510 (2d Cir. 2020); Mei Xing Yu

v. Hasaki Restaurant, Inc., 944 F.3d 395, 402 & n.37 (2d Cir. 2019).

This Court has demanded that plaintiffs provide some degree of

"specificity" in order to sufficiently plead an FLSA overtime claim. Nakahata v.

New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

For example, in Lundy we concluded that "in order to state a plausible FLSA

overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given

workweek as well as some uncompensated time in excess of the 40 hours." 711

F.3d at 114. It is not enough to allege that the plaintiff worked in excess of forty

hours "in some or all workweeks." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d

85, 90 (2d Cir. 2013) (quotation marks omitted). On the other hand, the plaintiff

need not keep "careful records" of the number of hours worked each week or

---

[3] The Plaintiffs allege that they were misclassified as exempt employees and thus were never paid overtime even though they worked more than forty hours per week.

9

calculate and "plead their hours with mathematical precision." Id. at 90. In fact, a complaint need not even "set forth the approximate number of unpaid regular and overtime hours allegedly worked," although such an "approximation . . . may help draw a plaintiff's claim closer to plausibility." Nakahata, 723 F.3d at 201 n.10.

We last addressed the standard for pleading a plausible FLSA overtime claim in three decisions issued in 2013 – Lundy, Nakahata, and Dejesus – and in each case affirmed the dismissal of a complaint for failure to state a claim under the FLSA.

In Lundy, we affirmed the dismissal of complaints from three healthcare providers because they had not plausibly alleged having worked more than forty hours "in a given workweek." 711 F.3d at 109, 114. We affirmed the dismissal of the first plaintiff's claims because, although she had pled that she "was 'typically' scheduled to work three shifts per week, totaling 37.5 hours" and that "[s]he 'occasionally' worked an additional 12.5-hour shift or worked a slightly longer shift," her complaint failed to allege "how occasionally or how long," or that she "was denied overtime pay in any such particular week." Id. at 114–15. And although the same plaintiff also alleged that she had not been compensated

10

for work she performed during trainings and missed meal breaks, the alleged hours that she allegedly worked per week totaled only "39 hours and 45 minutes worked," falling short of the 40-hour minimum to qualify for overtime. Id. at 115. The second plaintiff alleged that she worked enough shifts "approximately twice a month" to "total[] between 37.5 and 45 hours" of work, but failed to "allege that she was denied overtime pay in a week where she worked" shifts exceeding the 40-hour bar. Id. And the third plaintiff conceded that he never worked more than 40 hours in any week. Id.

The complaint in Nakahata included generalized allegations similar to the ones we deemed deficient in Lundy. We remarked that the plaintiffs in Nakahata had alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all those hours," but had then failed to provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Nakahata, 723 F.3d at 199, 201.

Finally, in Dejesus, we observed that the complaint in that case was likewise too sparse to state a claim under the FLSA. Although the complaint alleged that the plaintiff worked more than forty hours per week in "some or all

weeks," we determined that the allegation was "no more than [a] rephrasing [of] the FLSA's formulation" and thus insufficiently specific. Dejesus, 726 F.3d at 89.

The straightforward lesson we draw from these three decisions is that plaintiffs must plead FLSA overtime claims with "specificity." Nakahata, 723 F.3d at 200. To satisfy that standard, plaintiffs must sufficiently allege "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy, 711 F.3d at 114; Dejesus, 726 F.3d at 88. Nothing more is required. While it is true that we have "declined to make an approximation of overtime hours a necessity in all cases," we have suggested that "an approximation 'may help draw a plaintiff's claim closer to plausibility.'" Dejesus, 726 F.3d at 88 (quoting Lundy, 711 F.3d at 114 n.7). But we have also taken care not to foreclose relief to plaintiffs who neglected to keep "careful records" of the hours they worked. Dejesus, 726 F.3d at 90. Thus, none of the three decisions requires plaintiffs who plausibly allege that they worked in excess of forty hours for multiple weeks without overtime pay to provide a week-by-week recounting of the hours they worked.

Turning to the present case, we conclude that the Complaint is sufficiently specific to state an overtime claim under the FLSA. In arriving at a contrary conclusion, the District Court misapplied the standard established in Nakahata, Lundy and Dejesus and imposed an unduly high pleading bar.

The Complaint alleges that the Plaintiffs' regularly scheduled work hours consisted of five shifts each week, and that each shift lasted between eight and three-quarter hours and nine hours, amounting to between 43.75 hours and 45 hours of work per regular week. That allegation itself gets us "beyond forty hours in any given [work]week, and therefore to a plausible claim of overtime." Dejesus, 726 F.3d at 89. Other allegations in the Complaint likewise independently support the claim that the Plaintiffs' regular workweek exceeded forty hours and that they were thus entitled to overtime. The Complaint alleges, for example, that the Plaintiffs regularly devoted an additional five hours per week to post-work duties, and an additional three hours per week to receiving shipments of merchandise for DSMNY. More specifically, the Complaint alleges that the Plaintiffs' "[e]arly arrivals and late departures comprised approximately an additional five hours of work per week in excess of forty hours per week."

13

App'x 36 (emphasis added). Viewed singly or together, these allegations carry the Plaintiffs over the forty-hour bar and permit us to infer that they were entitled to overtime under the FLSA.

We recognize that the Complaint also alleges that the Plaintiffs had to work during their lunch breaks, and that, at first blush, this reasonably suggests that their schedules included ostensible lunch breaks. Indeed, the District Court held that the allegations concerning the Plaintiffs' regularly scheduled workweek were insufficient to support their FLSA claims largely because the Complaint lacked detail about the duration or frequency of these work shifts during lunch. Herrera, 2022 WL 3348099, at *3.

In our view, however, the District Court's holding reflects too crabbed a reading of the Complaint, which is fairly read to allege that the Plaintiffs were regularly required to work during lunch. Lunch breaks count towards the forty-hour total unless employees enjoy a daily "[b]ona fide meal period" during which they are "completely relieved from duty," and an employee "is not relieved if he is required to perform any duties, whether active or inactive, while eating." 29 C.F.R. § 785.19(a). That standard is not met if the employee is required to be on-call to handle whatever work arises during the lunch break.

14

The regulation thus does not require employees to quantify how many minutes were spent during any given lunch break actually attending to customers in order to demonstrate that their lunch break was not a "[b]ona fide meal period." Id.[4] Here, the Plaintiffs allege that they "were not completely relieved from duty during lunch breaks, and were required to attend to clients on their floor if someone walked in . . . and to answer calls and questions from management or co-workers." App'x 35. Accepting that allegation as true and drawing all reasonable inferences in favor of the Plaintiffs, we must infer that they worked during their entire eight and three-quarter- or nine-hour shift, five days a week. This allegation alone sufficiently pleads that the Plaintiffs' regular basic workweek exceeded 40 hours per week, every week.

Urging affirmance, the Defendants insist that the Plaintiffs' allegations suffice only if we "abandon Lundy and adopt a remarkably lenient pleading standard for claims asserted under the FLSA." Appellees' Br. 16. For reasons already stated, we disagree and conclude that our analysis comports entirely with Lundy, as well as Nakahata and Dejesus. Far from simply "repeat[ing] the

---

[4] We have applied that rule in a summary order. See Shanfa Li v. Chinatown Take-Out Inc., 812 F. App'x 49, 52 (2d Cir. 2020) (employees' meal period was compensable work time where the employees "could be required to stop eating if a task needed completion").

language of the [FLSA]," Dejesus, 726 F.3d at 89 & n.4, the Plaintiffs have identified a period of time when they were employed to work more than forty hours per week as part of their regularly scheduled workweek, and they have also quantified the number of hours they were required to work as part of their regular schedule, Nakahata, 723 F.3d at 201 n.10.  They have done so even though we have previously held that such a quantification, though helpful, is unnecessary.  The Plaintiffs have thus alleged even more than what is minimally required at this stage.

According to the Defendants, Lundy demands that the Complaint list specific weeks during which the Plaintiffs worked more than forty hours.  In other words, the Defendants claim, a complaint must identify each week that the named Plaintiffs worked their regular schedule.  To take an example, one of the named plaintiffs, Curtis Hennager, would need to list each and every one of the more than 100 weeks he worked his regular schedule.  The level of specificity that the Defendants demand goes too far.  It would generate voluminous, tedious complaints and compel plaintiffs to record their work schedules with a level of precision and care at odds with our admonition that plaintiffs in FLSA cases are

16

not obligated "to keep careful records and plead their hours with mathematical precision." Dejesus, 726 F.3d at 90.

Instead, Lundy and our other precedents require only that plaintiffs "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d at 114. This pleading standard is unmet if all that plaintiffs allege is that at some undefined period in their employment they worked more than forty hours in a single week. Such an allegation would be far too vague and unhelpful for putting a defendant on notice of the alleged violation. The pleading standard is satisfied, however, if plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work, so that they were eligible for overtime during every week in which they worked their regular schedule. In that case, a plaintiff, as the Plaintiffs have done here, need only allege the period of time during which they were employed.

The allegations relating to the individual Plaintiffs in this case easily satisfy this standard. Hennager, for example, alleges that, "[f]rom December 2015 to August 2018, [he] was employed first as a Sales Manager and then as an Assistant Floor Manager, and was not paid overtime." App'x 19. The Complaint

17

further alleges that all of the Plaintiffs – including Hennager – worked more than forty hours per week as part of their regularly scheduled workweeks. Accepting these allegations as pleaded, Hennager has adequately alleged that he regularly worked more than forty hours per week from December 2015 to August 2018, and that DSMNY's failure to pay him overtime violated the FLSA.

The Defendants also assert that the Complaint smacks of "group pleading." Under that doctrine, historically confined to fraud cases, a complaint alleging fraud committed by multiple defendants "should inform each defendant of the nature of his alleged participation in the fraud." DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987). The District Court likewise remarked that "allegations of what 'typically' happened across a group of fourteen employees over a period of almost eight years" could not "nudge any given Plaintiff's claim of uncompensated overtime across the line from possible to plausible." Herrera, 2022 WL 3348099, at *3. Even assuming that the group pleading doctrine applies to FLSA claims, we are unpersuaded that it poses a problem here. The Plaintiffs allege that they were employed in one of three positions, each of which was misclassified as a managerial position and was associated with a regularly scheduled workweek of more than forty hours. What

18

constitutes a "typical" workweek is thus essential to this case, and the experience

of working that regular schedule is common to the group of Plaintiffs.  The

various Plaintiffs have necessarily plausibly pleaded similar, if not identical,

allegations about their regular schedule.  In context, the individualized facts

giving rise to each Plaintiff's action – namely, when each Plaintiff worked the

regular schedule at issue – are adequately and specifically alleged.  See Lundy,

711 F.3d at 114 ("Determining whether a plausible claim has been pled is 'a

context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.'" (quoting Iqbal, 556 U.S. at 679)).

Finally, the Defendants warned at oral argument that allowing the

Plaintiffs' claims to proceed based on the allegations in this Complaint will

expose federal courts to a flood of future FLSA litigation.  We are less worried

that the result in this case will swell the federal court docket.  The Lundy

pleading standard still demands that plaintiffs allege FLSA claims with

specificity.[5]  The specificity requirement is no minor hurdle.  Properly applied, it

---

[5] Indeed, the Complaint also contains an example of an insufficiently specific allegation. The Plaintiffs allege that, at their employer's prompting, they "would routinely arrive to work for their shift well before the time noted on their schedule."  App'x 35.  The District Court correctly determined that this allegation could not support a claim under Lundy because the Plaintiffs do not allege how early they were required to arrive.  The

19

imposes meaningful constraints on FLSA overtime claims, aiming to separate meritless claims from genuine ones.

## CONCLUSION

We have considered the Defendants' remaining arguments on appeal, and we conclude that they are without merit.[6]  For the foregoing reasons, we **VACATE** the judgment of the District Court and **REMAND** for further proceedings consistent with this opinion.

---

District Court therefore could not conclude that their regularly scheduled workweek included time before their shifts officially started.

[6]  The District Court did not rely on the statute of limitations in dismissing the Plaintiffs' claims.  See Herrera, 2023 WL 3348099, at *2 n.5.  The Defendants now urge us not to "[r]ely on [u]ntimely [a]llegations" in determining whether the Complaint states a claim under the FLSA.  Appellees' Br. 17.  We leave any further preserved arguments regarding timeliness for the District Court to address in the first instance on remand.