12-1977-cv
*DiMare Homestead, Inc. v. Alphas Co. of N.Y.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DIMARE HOMESTEAD, INCORPORATED, DIMARE RUSKIN, INCORPORATED,

> *Plaintiffs-Appellees*

> -v.-                                                                     No. 12-1977-cv

THE ALPHAS COMPANY OF NEW YORK, INCORPORATED, PETER ALPHAS, YANNI ALPHAS a/k/a JOHN ALPHAS,

> *Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLEES:**          Gregory Brown, McCarron & Diess, New York, NY.

**FOR DEFENDANTS-APPELLANTS:**          Andrew Squire, Brooklyn, NY.


Appeal from the judgment, entered April 25, 2012, of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendants-appellants Alphas Company of New York, Inc., Peter Alphas, and Yanni Alphas a/k/a John Alphas (collectively, "Alphas") appeal from a judgment of the District Court awarding damages to plaintiffs-appellees DiMare Homestead, Inc., and DiMare Ruskin, Inc. (collectively, "DiMare") after a bench trial. The District Court granted judgment on a common law *quantum meruit* theory, which DiMare had not included in its original complaint. Alphas contends that the District Court erred in allowing DiMare to amend its complaint post-trial without giving Alphas an opportunity for additional discovery.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, which we reference only as necessary to explain our decision to affirm.

## BACKGROUND

The DiMare Companies are Florida corporations that sell produce wholesale, including tomatoes, which formed the basis for its claims below. Alphas is a New York corporation that purchased produce from DiMare. DiMare initially brought five claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a *et seq.*, alleging that Alphas had failed to pay for tomatoes it bought from DiMare.

During trial, DiMare moved for leave to amend its complaint to include a cause of action for New York common law theories of *quantum meruit*, account stated, and failure to pay for goods received pursuant to Article 2 of the New York Uniform Commercial Code ("UCC"). The District Court granted leave to amend.

Thereafter, in a thorough opinion dated April 5, 2012, the District Court concluded that DiMare did not preserve its PACA trust rights for all but one of the unpaid invoices at issue in this case. Addressing DiMare's common law claims, it concluded that DiMare was entitled to the reasonable value of all tomatoes delivered to Alphas under its *quantum meruit* theory, but denied DiMare's claims under the UCC and for attorneys' fees under its account stated theory.

The District Court calculated the reasonable value based on invoices prepared by DiMare and U.S. Department of Agriculture ("USDA") reports of the market price of tomatoes, and awarded DiMare compensatory damages.

Alphas does not challenge the District Court's determinations on the merits or the plaintiffs' addition of the *quantum meruit* claim. Rather, Alphas argues only that the District Court erred in (1) granting DiMare's post-trial motion to amend their complaint to add a claim for *quantum meruit*

2

without giving Alphas an opportunity for additional discovery; and (2) treating the prices on DiMare's invoices as reasonable in calculating damages under the *quantum meruit* theory.

## DISCUSSION

### A.     Amendment

Federal Rule of Civil Procedure 15(b)(2)[1] allows parties to amend their pleadings to conform to the proof received into evidence at trial. "As a general principle, district courts should freely grant a plaintiff leave to amend the complaint." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The decision of whether to allow such an amendment is left to the discretion of the district court judge," *Vermont Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272, 279 (2d Cir. 1996), and we review a District Court's decision to grant or deny a party leave to amend a pleading under Federal Rule of Civil Procedure 15(b) for "abuse of discretion," *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998).[2]

In this case, DiMare raised the possibility of amending its complaint during the bench trial. Later during trial, DiMare orally moved for leave to amend, on the basis that the evidence underlying those claims was already in evidence. Counsel for Alphas opposed the request. Judge Castel instructed the parties to submit letter briefs, and, upon doing so, Alphas did not oppose the motion. At no time did Alphas request the reopening of discovery.

In an order dated December 28, 2011, the District Court granted leave to amend. The District Court concluded that it had received sufficient evidence at trial to support a *quantum meruit* theory, and further found that "the defendants suffer no prejudice by allowing a claim of quantum meruit based upon identical facts and circumstances as those introduced and heard at trial." It further determined that "[a]s the parties were on fair notice during trial of the plaintiffs' motion, no reopening of the evidentiary record is required." The District Court then invited post-trial letter briefs, which both parties submitted, addressing the merits of DiMare's newly-added claim. Alphas now argues that the District Court erred in granting DiMare's post-trial motion to amend its complaint to add a claim for *quantum meruit* without giving Alphas an opportunity for additional discovery.

---

[1] The rule states:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).

[2] An "abuse of discretion" may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions. *See, e.g.*, *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008).

"Under Fed. R. Civ. P. 15(b), a district court may consider claims outside those raised in the pleadings so long as doing so does not cause prejudice." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 569 (2d Cir. 2000). "In opposing a Rule 15(b) amendment, 'a party cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory. Instead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case." *Id.* (quoting *N.Y. State Elec. & Gas Corp. v. Secretary of Labor*, 88 F.3d 98, 104 (2d Cir. 1996)).

Here, Alphas essentially argues that it was prejudiced because of the lack of additional discovery. But because Alphas never sought discovery below, that argument is waived. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)). Although this rule is prudential, rather than jurisdictional, we generally exercise our discretion to consider waived arguments only "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004). Neither situation is present here. In fact, it is precisely additional fact-finding that Alphas is seeking.

Even had Alphas raised the issue below and been expressly denied additional discovery, we would still review the District Court's denial for "abuse of discretion." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). Having reviewed the record, we agree with the District Court that Alphas was not prejudiced by Judge Castel's decision to grant leave to amend without permitting additional discovery. Alphas has not put forward any category of new evidence it contends would have supported its defense. Moreover, the parties engaged in discovery concerning the reasonable price of the tomatoes that Alphas bought from DiMare, including correspondence between the parties and USDA price reports.

Accordingly, we affirm the District Court's decision to allow DiMare's amendment without reopening discovery.

## B. Damages

Alphas also challenges the District Court's calculations of damages under DiMare's *quantum meruit* theory. After a bench trial, a district court's findings of fact and calculations of damages are reviewed for clear error. Fed. R. Civ. P. 52(a)(6); *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011). "The 'clearly erroneous' standard applies whether the findings are based on witness testimony, or on documentary evidence, or on inferences from other facts." *Diesel Props*, 631 F.3d at 52 (citation omitted). When there are two competing permissible interferences that may be drawn from witness testimony or evidence, the District Court's decision between those alternatives cannot be clearly erroneous. *See Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 213 (2d Cir. 2001).

4

Having reviewed the record, we have little difficulty in concluding that the District Court's calculation of damages under a *quantum meruit* theory was not clearly erroneous.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court