Michael McGLONE, Hubert Brooks, Anthony Buffalino, Rocco Ceparano, Jesse Dimirco, Domenic Fanelli, Sal Fishetti, Joseph Frangiosa, Joseph Frische, Robert Gandolfo, Jesse Kay, Thomas Murphy, Brian Nicholas, Ariel Peniche, Robert Schantz, Rafael Soto, and Scott Vaaler, Plaintiffs,

v.

CONTRACT CALLERS INC. and William "Tim" Wertz, Defendants.

No. 11–cv–3004 (JSR).

United States District Court, S.D. New York.

Signed July 20, 2015.

Penn Ueoka Dodson, Anderson Dodson, P.C., Donald David Conklin, III, Rishi Bhandari, Robert Allen Glunt, Mandel Bhandari LLP, New York, NY, for Plaintiffs.

Ira Leonard Blank, Lawrence Wittels, The Enterprise Law Group LLC, St. Louis, MO, Lauren Katz Kluger, Reitler Kailas & Rosenblatt, L.L.C., New York, NY, for Defendants.

## MEMORANDUM

JED S. RAKOFF, District Judge.

The jury having rendered a verdict finding for plaintiffs, the Court entered judgment in favor of plaintiffs on June 22, 2015. See Amended Judgment dated June 22, 2015, ECF Dkt. No. 159. Prior to entering judgment, the Court received submissions from the parties as to how the jury's verdict translated into individual monetary judgments. (These submissions, minus the voluminous exhibits, will now be docketed.) After considering the parties' positions, the Court ordered damages with respect to each plaintiff in the amounts set forth in the Amended Judgment.

The Court hereby provides its reasoning behind its resolution of the parties' disputes as to how the damages should have been calculated.

First, the parties disagree about the wage rate that should be applied in the calculation of damages arising from hours in which the plaintiffs worked and were

not paid, but that were not overtime hours. Defendants assert that the relevant minimum wage rate set forth in NYLL § 652 should apply to these hours, since plaintiffs' complaint asserts a claim for these unpaid wages under NYLL §§ 650, *et seq.* ("Minimum Wage Act"). *See* Amended Complaint ("Compl.") ¶¶ 4, 64. Plaintiffs do not dispute that they brought their claims under the Minimum Wage Act, NYLL § 663(1), and yet they assert that the minimum wage rate should not apply. They argue that, by way of the Minimum Wage Act, they have asserted a "gap-time" claim that should apply the plaintiffs' regular hourly wage rate to a calculation of damages for unpaid regular hours worked.

The cases plaintiffs offer in support of their position that NYLL § 663(1) provides for gap-time relief based on regular wages, as opposed to the minimum wage, are not controlling in this instance and ignore the plain language of the damages provision of NYLL § 663(1). In *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir.2013), the Second Circuit acknowledged that NYLL *way* provide for a gap-time claim, but deliberately expressed no view on the merits of that argument. *Id.* at 118. In support of the possibility of that position, the decision quoted from the statute as follows: "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled ... he or she shall recover in a civil action the amount of *any such* underpayments...." *Id.* (quoting NYLL § 663(1) (emphasis added)); *see also Nakahata v. New York–Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 202 (2d Cir.2013) (noting the same, with citation to *Lundy*, but remanding to the district court without deciding the issue for a determination of the sufficiency of the pleadings). By way of the first ellipses in the quotation above, *Lundy* eliminated what this Court views as an important element of the statutory scheme. The full provision reads:

"If any employee is paid by his or her employer less than the wage to which he or she is entitled *under the provisions of this article,* he or she shall recover in a civil action the amount of any such underpayments...." NYLL § 663(1) (emphasis added). The "article" referenced is Article 19—the Minimum Wage Act, which provides that each employer shall pay a wage not less than the minimum wage rate set forth in NYLL § 652. The provisions of Article 19 do not specify any relief that is greater than the minimum wage. Accordingly, in its Amended Judgment, the Court applied the relevant minimum wage rate set forth in § 652 to plaintiffs' claim for unpaid regular hours worked.

Second, the parties dispute the wage rate that should be applied in calculating damages for unpaid overtime hours worked. Defendants argue that the overtime wage rate for this purpose should be comprised of the prevailing wage rate only, and that it should not include the supplemental benefit rate that was typically added on to each hour worked. In support of this position, they cite to the City of New York Prevailing Wage Schedule, which states that overtime should be calculated as "[t]ime and one half the regular rate."

However, as plaintiffs' submissions clarified, the overtime hourly rate paid to plaintiffs throughout the project at issue in this case consisted of both one half times the regular base rate and the supplemental benefit rate. This is evident in the stipulated payroll records that were admitted at trial. Accordingly, the Court applied an overtime wage rate consisting of one and a half times the regular rate, plus the supplemental benefit rate, in calculating overtime damages with respect to each plaintiff.

Third, the parties dispute whether plaintiffs could recover cumulative liquidated damages under both the NYLL and

the Fair Labor Standards Act ("FLSA"). Both parties acknowledge that there is no appellate authority on this issue, and that district courts in the Second Circuit are divided. *See Inclan v. New York Hospitality Grp., Inc.*, 95 F.Supp.3d 490, 504–05, No. 12 CIV. 4498 NRB, 2015 WL 1399599, at *11 (S.D.N.Y. Mar. 26, 2015).

Some courts in this circuit have allowed cumulative damages under both statutes, because they found that the damages provisions in the two statutes "serve fundamentally different purposes." *See, e.g., Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 261–62 (S.D.N.Y.2008) (holding that liquidated damages under the FLSA provide compensation to the employee for the delay in receiving wages, while liquidated damages under the NYLL are punitive in nature). Other courts have held that this distinction is merely semantic in that "both forms of damages seek to deter wage-and-hour violations in a manner calculated to compensate the party harmed." *Inclan*, 95 F.Supp.3d at 509–10, 2015 WL 1399599, at *12 (quoting *Chuchuca v. Creative Customs Cabinets Inc.*, No. 13–CV–2506 RLM, 2014 WL 6674583, at *15 (E.D.N.Y. Nov. 25, 2014)) (alterations omitted).

This Court shares the latter view, finding that the liquidated damages provisions share a similar purpose, especially in light of the 2011 amendments to the NYLL liquidated damages provision that bring the two statutes more directly in line with one another. *See Herrera v. Tri–State Kitchen & Bath, Inc.*, No. CV 14–1695 ARR MDG, 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015). Accordingly, the Court only awarded liquidated damages under the FLSA.

In accordance with the Courts' rulings on these disputed issues, plaintiffs submitted on consent of the defendants a spreadsheet setting forth the damages calculations for each individual plaintiff. The Amended Judgment specifies the damages award for each plaintiff accordingly.