18-1781
*Bonn-Wittingham et al. v. Project OHR, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

Present:     PIERRE N. LEVAL,
             RICHARD C. WESLEY,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges.*

_____

JUDY BONN-WITTINGHAM, MELVA JONES, GERMITA FREMONT, MAISIE BECKFORD, LENA BARTON, DULCIE JONES, GRETA KEISER, ENID LEWIS, MARIE PAULA EUGENE, GLORIA BENT, GRACE YARDE, LINDA HENDERSON, VESTA DOUGLAS, EVELYN CIMA, MERLE HOYTE, OCTAVIA CRICK, ALBERTINA THOMAS, SUZY DORCE, P. MARY EUGENE, ALBERTHA FENELON, PARBATI SINGH, VERNA RICKETTS, GILLIAN BOWEN, FARIL BEST, CORNELIOUS GREEN, GLADYS ENRIQUEZ, OLIVE DUTCHIN, MIGNAN BARRY, SHERAN JAMES, DEBBIE ANN BROWN, PAULINE GRANT, IRMA ANDERSON, MARIE AFREH, OMODELE JOHNSON, ADALSIE HOUSTON, CECILIA BEST, MARTHA GROVES, LAUNA JONES, ANGELA ARMSTRONG, IONIE SENIOR, YVONNE LEWIS, MARGARET COTTERELL, MARIE YANICK JOSEPH, ELLA POMPEY, MARIE-L GILLES, MARIE MILFORD, MARIE D. PIERRE, MERLE LOPEZ, BEVERLENE GRANT, ELAINE TAYLOR, LINNETT WILLIAMS, ROXANNE CAMBRIDGE, KATHLENE MORGAN, SAWARIE RAMLOCHAN, ANNE MARIE

1

MORGAN, LEONIE HUSSETT, LINETTE CORNWALL, FAY MCKENZIE, MARIE DORSAINVILLE, CARMEL ANDERSON, YOLANDA GAYLE, PAULINE CLARKE, ALVIRA HENRY, LYNETTE VYENT, SYLVIA HOYTE, UNA SEALE, LORENTE SIMEON, PEARLINE DONALDSON-REID, OLGA CADET, JUDY TAYLOR, LYNETTE A. WILLIAMS, CAROLINE LONG, MARJORIE JOHNSON, WALTERINE LEVINS, VELDA MAYERS, YVONNE MACK, ISOLYN PALMER, DONNA HEADLEY, CLAUDETTE GRIMES, SEORAJNI PERSAUD, NEELA WARDEN, EILEEN TUCKER, ANNETTE DAVIS, CARMEN PELZER, ANN SABAL, JACQUELINE ELLIS, SYLVIA PETERS, MARIE LAGUERRE, TANISHA GOODEN, ELSIE COLLINS, BEVERLY ROYAL MCPHERSON, AUDREY CROSDALE, MARIYA SUDNISHNIKOVA, WALETINA RUSZCZYK, HODA HOSSANE, HUGUETTE NELSON, SANDRA MCINTOSH, YVELINE M. BEAUCHAMP, JULIETH MELBOURNE, ADELINE JERMAIN, GISLAINE JOCELYN, MARINA BESSARABOVA, MARTHE LATOUR, JEANINE ELIE, MARIE LONGUEFOSSE, YPPOLIA DECOPAIN, DIGNA GARCIA, PAULA GARCIA, VITOLD STANKEVICH, ZOIA STANKEVICH, CRYSTAL EDWARDS, JOSEFINA ARIA, FARRAH CHACAN, DAISY CASTILLO, and CARMEN TORIBIO,

*Plaintiffs-Appellants*,

MARIE PLAISIR, MARIE MONPREMIER, JEMMA LEWIS, ELIZA HAMILTON, BARBARA ROSLANIEC, UNICA GEORGE, IMMACULA AUGUSTE, CATHERINE JESSAMY, ANITA LUBIN, MARIE FLEURIMONT, EUNICE STAFFORD, JOAN LEACOCK, LUCY INEUS, FLORENCE CUVILLY, PATRICIA COSMAS, JOAN MARAGH, MIROSLAWA BARTOLD, MARINA KISINA, LUDMILLA ARMONAVICA, ESTHER LOPEZ, JANINA WERYNSKA, CONSESORA LIRIANO, MARIANELA SORIANO, MERCEDES GARCIA, KRYSTYNA BUNKOWSKA, ANATALIE JEAN, CANDIDA PAREDES, ASYA CHERNINA, SOPHI BUNBURY, PRISCILLA JENKINS, EUGENEA GORBACHEVA, DANUTA MALMON, TERESA RUDNICKI, ANNA GARVEY, UNICEY DESHIELDS, BEVERLY CALDWELL, SHIRLEY EDWARDS, THEMA JAMES, ROSEANNE CRANDON, YOLANDE JEAN-BART, MORINE WRIGHT, ELAINE

CLARKE, MYRNA THOMAS, BETTYANNE ALEXANDER, CARMEN POWNALL, GERDA ANTOINE, VANETTA GRANT, JULIETTE HAMILTON, IMMACULA DORISMOND, LIDIYA BERDNKOVA, RAMONA JAVIER, ANA M. GOMEZ, MARIE GRAND-PIERRE, ALMA ARIZA, NELI KORINTELI, CICELY DALY,

*Plaintiffs*,

v.                                                                              18-1781

PROJECT OHR, INC.,

*Defendant-Appellee*,

METROPOLITAN COUNCIL ON JEWISH POVERTY, D' VORAH KOHN,

*Defendants.*[*]

| | |
|---|---|
| For Plaintiffs-Appellants: | DAVID WIMS, Law Office of David Wims, Brooklyn, New York |
| For Defendant-Appellee: | KEVIN J. O'CONNOR, Peckar & Abramson, P.C., New York, New York |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants, a group of home healthcare workers employed by Defendant-Appellant Project OHR (Office for Homecare Referral) ("OHR"), appeal from a May 18, 2018 judgment of the district court following a December 2016 opinion and order which, in relevant part, dismissed Plaintiffs-Appellants' claims for overtime and minimum wage violations

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* the dismissal of a complaint for failure to state a claim upon which relief can be granted, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman,* 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

OHR is a nonprofit corporation providing homecare services to elderly and disabled persons. Plaintiffs-Appellants worked for OHR as home health aides in and around New York City between June 2009 and May 2015. During twenty-four-hour "sleep-in" shifts, Plaintiffs-Appellants stayed overnight at their client's residences and were responsible for the care of their clients throughout the duration of the work shift. For such shifts, OHR had a policy of automatically deducting eight hours per day for sleep time and three hours per day for meal periods without regard to whether Plaintiffs in fact worked through said time periods. Employees working sleep-in shifts were paid the equivalent of twelve hours at the regular hourly rate ($10.00 per hour for weekdays and $11.25 per hour for weekends), plus a single "per diem" payment of $16.95, amounting to $136.95 for a weekday sleep-in shift and $151.95 for a weekend sleep-in shift.

4

On appeal, Plaintiffs-Appellants challenge the district court's dismissal of overtime and minimum wage claims brought by employees who alleged that they worked either two or three sleep-in shifts in a single week. Plaintiffs-Appellants' primary arguments are that (1) the district court erred in applying this Circuit's FLSA pleading standards by failing to take well-pleaded allegations as true and draw favorable inferences in favor of Plaintiffs-Appellants; and (2) the district court erred by failing to provide Plaintiffs-Appellants with an additional opportunity to amend their complaint. Neither of these arguments has merit.

The district court correctly applied this Circuit's pleading standard in granting the motion to dismiss Plaintiffs-Appellants' overtime claims. As Plaintiffs-Appellants set forth in their complaint, OHR maintained the practice, common in the home healthcare industry, of assigning employees to so-called "twenty-four hour" sleep-in shifts during which employees were actually expected to work only thirteen hours, with eight hours deducted for sleeping and three hours deducted for meal breaks. This kind of arrangement is permitted under FLSA. *See* 29 C.F.R. § 785.22(a) ("Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked").[1] Working hours in the home health aide context are calculated in the same way under the NYLL, as recently confirmed by the New York Court of Appeals. *See Andryeyeva v. N.Y. Health Care, Inc.*, 124 N.E.3d 162, 165 (N.Y. 2019); *see also id.* at 167 (upholding the New York Department of Labor's ("DOL") interpretation of the Minimum Wage Act, which provided that home health care aides assigned to a twenty-four-hour shift "must be paid not less than for thirteen hours per twenty-four hour

---

[1] If an employee cannot obtain at least five hours of uninterrupted sleep, the entire eight-hour period must be counted towards working time. *See* 29 C.F.R. § 785.22(b).

period provided that they are afforded at least eight hours for sleep and actually receive five hours of uninterrupted sleep").[2]  Thus, the Plaintiffs-Appellants did not sufficiently plead a workweek in excess of forty hours simply by pleading that they worked two or three sleep-in shifts in a given week; rather, in order to clear the forty-hour threshold, they had to sufficiently plead additional work during meal times or sufficient interruption of their sleep breaks to trigger a compensation obligation for those break periods.[3]

The district court correctly determined that Plaintiffs-Appellants failed to sufficiently plead any additional, unpaid work, as necessary to render their overtime claims plausible.   "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).   Plaintiffs must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).   Allegations that an employee "occasionally" or "typically" missed breaks provides "nothing but low-octane fuel for speculation, not the plausible claim that is required." *Lundy*, 711 F.3d at 115.   Similarly, allegations that an employee "regularly worked" more than forty hours per week are merely legal

---

[2]  On appeal, Plaintiffs-Appellants argue that the DOL's guidance applied only to residential employees. This position has no merit.   The DOL's March 2010 opinion letter specifically addresses home health care aides assigned to sleep-in shifts and makes clear that such employees are considered live-in, non-residential employees who must be paid for at least thirteen hours of work in a twenty-four-hour shift.   N.Y. Dep't of Labor, Opinion Letter on Live-in Companions (Mar. 11, 2010).   This interpretation was upheld in *Andryeyeva.*   124 N.E.3d at 165.

[3]  Plaintiffs-Appellants who pleaded that they worked two sleep-in shifts in a single week, totaling 26 hours of scheduled work, had to plead an additional fifteen hours in a given week to exceed the forty-week threshold.   Plaintiffs-Appellants who pleaded that they worked three sleep-in shifts in a single week, totaling 39 hours of scheduled work, had to plead two additional hours worked in a given week.

6

conclusions that constitute "little more than a paraphrase of the statute" and cannot, standing alone, establish a plausible claim. *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

Despite numerous amendments to their complaint, Plaintiffs-Appellants' bare allegations regarding additional work do not satisfy this standard. Contrary to Plaintiffs-Appellants' argument, the district court was under no obligation to accept as true their statement, amounting to a bare legal conclusion, that they worked in excess of forty hours; moreover, absent any supporting factual detail, there were no plausible inferences to be drawn in their favor. The district court thus correctly dismissed Plaintiffs-Appellants' overtime claims.

The complaint similarly fails to set forth necessary factual detail to support the inference of the additional working hours necessary for Plaintiffs-Appellants' effective hourly wage to drop below the minimum wage. That deficiency requires dismissal of Plaintiffs-Appellants' minimum wage claims.

Finally, it is manifest that the district court did not abuse its discretion by refraining from providing Plaintiffs-Appellants with another opportunity to amend their complaint, which had already been amended three times. As a general principle, district courts should freely grant a plaintiff leave to amend the complaint. *Kleinman v. Elan Corp.,* 706 F.3d 145, 156 (2d Cir. 2013). Nonetheless, "we will not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought." *Anatian v. Coutts Bank (Switzerland),* 193 F.3d 85, 89 (2d Cir. 1999) (internal quotation marks and citation omitted). "In addition, without any indication by appellants of how further amendment would cure the deficiencies in pleading, we ordinarily do not find an abuse of discretion where appellants have already had ample time to

amend the complaint." *Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 664 n.3 (2d Cir. 1997).

Plaintiffs-Appellants did not seek leave to amend the complaint in the wake of the district court's decision—a logical choice, given that plaintiffs' counsel explicitly agreed at the October 4, 2016 conference that the third amended complaint would be "best and last pleading" in the case. S.A. 25. Despite the fact that the district court directed Plaintiffs-Appellants to controlling precedent, alerted them to the deficiencies of their complaint, and granted multiple opportunities to replead, Plaintiffs-Appellants failed to marshal any details or supporting facts as required to render their claims plausible. The district court thus acted well within its discretion in closing the case without *sua sponte* granting further leave to amend.

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8