19-870-pr
James v. Bradley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

Terrence James,

> *Plaintiff-Appellant*,

> v.                                                                    19-870-pr

Lt. Bradley, South Port C.F.,

> *Defendant-Appellee,*

Dir. S.H.U. D. Venettozzi, A.S.G. Marcus
J. Mastracco, Sgt. Woodruff, G.M.C.F.,
Lt. Pray, G.M.C.F., C.O. T. Gebo, Jr.,
G.M.C.F., C.O. C. Stevens, G.M.C.F.,

> *Defendants.*[1]

---

[1] The Clerk is directed to update the caption to conform to the above.

FOR PLAINTIFF-APPELLANT:          Terrence James, pro se, Beacon, NY.

FOR DEFENDANT-APPELLEE:          Robert M. Goldfarb, Victor G. Paladino, *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and appellant's motion for summary judgment is **DENIED**.

Appellant Terrence James, pro se and incarcerated, appeals the dismissal of his 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2014, James received an inmate misbehavior report charging him with use of a controlled substance after his urine tested positive for cannabinoids. Defendant-appellee Lt. Bradley, who presided over James's disciplinary hearing, found the misbehavior report to be credible and found James guilty of drug use. James was sentenced to serve eight months in the special housing unit ("SHU"). James brought this action alleging that Bradley violated his right to procedural due process by ignoring evidence at the hearing that purportedly showed that the tested urine was taken from someone other than James.[2] The district court granted defendant's motion to dismiss for failure to state a claim, finding that the hearing record contained sufficient evidence

---

[2] James originally sued six other prison employees, but the district court dismissed his claims against those defendants sua sponte. James does not challenge that decision on appeal.

2

to support the adjudication.

"We review the grant of a motion to dismiss for failure to state a claim *de novo*, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Biocad JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019).[3] Before prison officials may impose sanctions on inmates, "due process requires that there be some evidence to support the findings made in the disciplinary hearing." *Zavaro v. Coughlin*, 970 F.2d 1148, 1152 (2d Cir. 1992). The evidence relied upon must be "reliable." *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004). Nonetheless, "[t]his standard is extremely tolerant and is satisfied if there is *any* evidence in the record that supports the disciplinary ruling." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004).

"We do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim." *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 202 (2d Cir. 2013). However, "[a] complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* "A necessary prerequisite for taking into account materials extraneous to the complaint is that the plaintiff *rely* on the terms and effect of the document in drafting the complaint; mere notice or possession is not enough." *Id.* at 231.

---

[3] Unless otherwise indicated, case quotations omit all internal quotations marks, alterations, footnotes, and citations.

"[W]here [a] matter outside the pleadings is offered and not excluded by the trial court, the motion to dismiss should be converted to a motion for summary judgment." *Nakahata*, 723 F.3d at 202; *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). However, "reversal for lack of conversion is not required unless there is reason to believe that the extrinsic evidence actually affected the district court's decision and thus was not at least implicitly excluded." *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999).

Here, the district court's order dismissing the amended complaint was based in part on its evaluation of the administrative record, including the hearing transcript, urinalysis request form, and prison hospital logbook. These documents were not attached to James's complaint, but were submitted by Bradley in connection with his motion to dismiss. The district court concluded that it could take judicial notice of these documents as records of the administrative proceeding at issue. In doing so, it failed to conduct the analysis required by our precedent. Before taking judicial notice of a document, a district court must consider whether "no serious question as to [its] authenticity can exist," *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007), and whether the contents of the document are "facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (quoting Fed. R. Evid. 201(b)(2)). The district court did not adequately consider whether these requirements were met by the prison disciplinary records at issue here. Furthermore, even

4

where a public record is properly the subject of judicial notice, a court may take judicial notice only of the content of the record. *See Kramer*, 937 F.2d at 774. The court may not rely on the document for the truth of the matters asserted therein, as the district court evidently did here.

In any event, vacatur is not required because the essential documents were incorporated into James's complaint by reference. The amended complaint explicitly referred to the inmate misbehavior report, which indicated that James's urine tested positive for cannabinoids. *See Sira*, 380 F.3d at 67 (complaint which referred to inmate misbehavior report incorporated that document by reference). While the amended complaint did not explicitly refer to the urinalysis request form, which also indicated a positive test result, James's original complaint did. Read in context, because the crux of James's complaint is that the urinalysis request form shows that the urine was not taken from him, the amended complaint at a minimum "relies heavily upon" the form's "terms and effect, thereby rendering the document integral to the complaint." *Nicosia*, 834 F.3d at 230.

Thus, the district court could properly consider the inmate misbehavior report and urinalysis request form. Those documents together constitute "some" reliable evidence on which Lt. Bradley could have relied. James's claim based on the insufficiency of the hearing evidence therefore necessarily fails, regardless of the other evidence adduced at the hearing. *See Sira*, 380 F.3d at 76 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). It is immaterial whether the district court may have also referred to other documents that could not be deemed incorporated by reference and upon which James did not rely, because consideration of the misbehavior report and urinalysis request form alone requires dismissal of the amended

5

complaint. Consideration of any other documents could not have "actually affected the district court's decision," so "reversal for lack of conversion is not required." *Amaker*, 179 F.3d at 51.

We have considered all of James's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** James's motion for summary judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court